**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**

www.flsb.uscourts.gov

**LMM - CHAPTER 13 PLAN (Individual Adjustment of Debts)**

☒ **4th - LMM**   Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)
☐ **Modified Plan** (Indicate 1st, 2nd, etc. amended, if applicable)

| | | |
|---|---|---|
| DEBTOR: **Carlos A Herrera** | JOINT DEBTOR: **Diana P Garzon** | CASE NO.: **13-23763** |
| Last Four Digits of SS# **xxx-xx-2772** | Last Four Digits of SS# **xxx-xx-4980** | |

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of **60** months. In the event the trustee does not collect the full 10%, any portion not collected will be paid to the creditors pro-rata under the plan:

A.   $   **2,040.95**   for months   **1**   to   **10**   ;
B.   $   **2,126.75**   **11**   **60**   ; in order to pay the following creditors:

Administrative:   Attorney's Fee & Cost –   $   **3,500.00**   Base Chapter 13 Fee
$   **750.00**
$   **1,800.00**
$   **100.00**
Total Attorney's Fees –   $   **6,150.00**
Total Paid –   ( $   **2,250.00** )
Balance Due in Plan:   $   **3,900.00**
payable $ **390.00**   /month   (Months   **1**   to   **10** )

Secured Creditors: [Retain Liens pursuant to 11 USC § 1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

1.   **JPMorgan Chase**
Address:   **Po Box 24696;**
**Columbus, OH 43224**
Account No:   **3167**   LMM Payment $   **1,179.65**   /month   (Months **1** to **60** )

IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED.   A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 AND LR 3015-3.

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
| **Real Time Resolutions** 1349 Empire Central Dr., Suite 150, Dallas, TX, 75247 Acct #: 1399 Property: 15581 Citrus Grove Blvd Loan Type: 2nd Mortgage | Homestead Property: 15581 Citrus Grove Blvd., Loxahatchee, FL 33470 Est. Value: $241,000.00 | 0.00% | $ 0.00 | 1 to 60 | $0.00 |

Priority Creditors: [as defined in 11 U.S.C. §507]

**-NONE-**   Total Due   $
Payable   $   /month   (Months __ to __ )   Regular Payment $

Unsecured Creditors:   Pay **285.76** /month (Months 1 to 10 ).
Pay $**753.76** /month (Months 11 to 60 ).
Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

Other Provisions Not Included Above:

**Rejected Contracts and/or Leases**
-NONE-

**Assumed Contracts and/or Leases**
-NONE-

Special Intentions:
**Real Time Resolutions (Acct #1399):** Debtor intends to avoid lien.
**Chase(Acct #4168):** Debtor is surrendering the Property to Creditor.   Creditor shall be allowed an unsecured claim for the deficiency balance owed.

**Newport Miami Beach Condo.(Acct #2001):** Debtor is surrendering the Property to Creditor.   Creditor shall be allowed an unsecured claim for the deficiency balance owed.

Debtor shall provide copies of yearly income tax returns to the Trustee no later than May 15th during the pendency of the Chapter 13 case. In the event the Debtor's income or tax refunds increase, Debtor shall increase payments to unsecured creditors over and above payments provided through the Plan up to 100% of allowed unsecured claims.

The Debtor has filed a Verified Motion for Referral to LMM with JPMorgan Chase Bank (Acct. #3167) ("Lender"), for real property located at 15581 Citrus Grove Blvd., Loxahatchee, Florida 33470. The parties shall timely comply with all requirements of the Order of Referral to LMM and all Administrative Orders/Local Rules regarding LMM.

While the LMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, the Debtor has included a post-petition plan payment, absent Court order to the contrary, of no less than 31% of the Debtor's gross monthly income as a good faith adequate protection payment to the Lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the Lender.

Until the LMM is completed and the Final Report of Loss Mitigation Mediator is filed, any objection to the Lender's Proof of Claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the Proof of Claim only. The Debtor shall assert any and all other objections to the Proof of Claim prior to confirmation of the plan or modified plan.

If the Debtor, co-obligor/co-borrower or other third party (if applicable) and the Lender agree to a settlement as a result of the pending LMM, the Debtor will file a Motion to Approve Loss Mitigation Agreement with Lender no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the Debtor shall immediately amend or modify the plan to reflect the settlement and the Lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the Debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement. In the event the Debtor receives any financial benefit from the Lender as part of any agreement, the Debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the Lender and the Debtor fail to reach a settlement, then no later than 14 calendar days after the Mediator's Final Report is filed, the Debtor will amend or modify the plan to (a) conform to the Lender's Proof of Claim (if the Lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the Lender will be considered "treated outside the plan" and the Lender shall have in rem relief from the automatic stay as to the real property being surrendered. Notwithstanding the foregoing, Lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the Lender has to address payment of its Proof of Claim.
Special Intentions:

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| /s/ Carlos A Herrera | /s/ Diana P Garzon |
|---|---|
| **Carlos A Herrera** | **Diana P Garzon** |
| Debtor | Joint Debtor |
| Date:   **April 10, 2014** | Date:   **April 10, 2014** |