

ORDERED in the Southern District of Florida on April 15, 2014.

Erik P. Kimball, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                                    CASE NO.:        13-23763-EPK

CARLOS A. HERRERA and                                     In proceedings under Chapter 13
DIANA P. GARZON,

    Debtors.
_____/

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY REAL TIME RESOLUTIONS**

THIS CASE came to be heard on **April 14, 2012** on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (**DE 58**; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

    A.    The value of the debtor's real property (the "Real Property") located at **15581 Citrus Grove Blvd., Loxahatchee FL 33470**, and more particularly described as:

{00012825}
LF-92 (rev. 01/08/10)                        Page 1 of  3

> **The N 249 ft of the S 2719 ft of the W 209 ft of the E 3315 ft of Sec. 19, Township 42 S, Range 41 E, Palm Beach County, Florida a/k/a Tract AD-274**

is **$241,000.00** at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of **Real Time Resolutions** (the "Lender") is **$390,461.18**.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $0.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $ <u>0.00</u>.

3. Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on **December 12, 2005** at OR BOOK **19648** Page **0745** of the official records of **Palm Beach** County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4. (Select only one):

    \_\_ Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified

        as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

    __X__    Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $**89,351.81**, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

##

#

**Submitted by:**

Adam I. Skolnik, Esq.
Adam I. Skolnik, P.A.
1761 W. Hillsboro Blvd., Suite 201
Deerfield Beach, Florida 33442
Telephone:   561.265.1120
Facsimile: 561.265.1828
askolnik@skolniklawpa.com

Attorney **Adam I. Skolnik** is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.